# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3155-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.I.L.,

     Defendant-Appellant.

_____

Submitted October 31, 2018 – Decided December 3, 2018

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 14-09-0780.

Joseph E. Krakora, Public Defender, attorney for appellant (Jay L. Wilensky, Assistant Deputy Public Defender, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant J. I. L.[1] appeals from his conviction for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).[2] He also appeals from the sentence, imposed after merger, of nineteen years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for first-degree aggravated sexual assault, plus a consecutive nine-year term for endangering the child's welfare.

In his brief, defendant presents the following points of argument:

> POINT I. THE TRIAL COURT ERRED PREJUDICIALLY IN PERMITTING "FRESH-COMPLAINT" TESTIMONY WHICH FAR EXCEEDED THE PERMISSIBLE BOUNDS OF SUCH TESTIMONY. U.S. CONST., AMEND. XIV.; N.J. CONST. (1947), ART I, PAR. 10. (Not Raised Below)
>
> POINT II. THE TRIAL COURT ERRONEOUSLY PERMITTED HIGHLY PREJUDICIAL HEARSAY IDENTIFICATION TESTIMONY BY A PHYSICIAN, TO DEFENDANT'S PREJUDICE.

---

[1] We use defendant's initials to avoid disclosing the victim's identity.

[2] The alleged sexual assaults occurred in two different cities, Plainfield and Passaic. The jury acquitted defendant of aggravated sexual assault relating to acts alleged to have occurred in Passaic, but convicted him of sexual assault with respect to those acts. The jury convicted defendant of aggravated sexual assault for acts committed in Plainfield.

A-3155-16T1

POINT III. THE DEFENDANT WAS PREJUDICED BY THE TRIAL COURT'S UNDUE RESTRICTION OF THE DEFENDANT'S SUMMATION.

POINT IV. THE TRIAL COURT IMPOSED AN EXCESSIVE SENTENCE, NECESSITATING REDUCTION.

A. The Imposition of Consecutive Sentences Constituted an Abuse of Discretion.

B. The Quantum of the Sentence Was Excessive.

After reviewing the entire record, we reject those arguments and affirm the conviction and sentence.

I

In light of the legal issues raised, a brief summary of the most pertinent trial evidence will suffice. Defendant was accused of repeatedly molesting his stepdaughter, I.C., from the time she was six years old until she was eight years old. On May 31, 2014, when I.C. was eight and living in Plainfield, she first reported defendant's conduct to a close friend, G.N. According to G.N., I.C. told her that defendant had been "humping" her. G.N. testified that I.C. was very reluctant to tell anyone else about these incidents, but G.N. convinced the child to tell her mother. I.C.'s mother immediately confronted defendant and kicked him out of her house. However, she waited four days before reporting the crimes to the police.

A-3155-16T1

On June 5, 2014, a trained detective from the special victims unit (SVU) conducted a videotaped interviewed with I.C. The detective also asked I.C.'s mother to produce some of the child's unwashed clothing for scientific testing. DNA analysis established that defendant's semen was present on two pairs of the child's underwear. Defendant's DNA material was found on the inside portion of the crotch in each garment.

The State presented brief testimony from G.N., and testimony from the SVU detective. The jury then watched the videotape of I.C.'s interview with the detective. In the interview, she told the detective that defendant "humped" her at her grandmother's house in Passaic and at her mother's house in Plainfield. It was clear from her statement that on some of those occasions, he either took her pajama pants off or pulled them down. She told the detective that defendant rubbed his penis between the cheeks of her buttocks on numerous occasions, and on at least one occasion, in Plainfield, he inserted his penis into her vagina "a little bit."

I.C., who was eleven by the time of the trial, testified about the sexual assaults she endured while living at her grandmother's house in Passaic, and while living with defendant and her mother in Plainfield. Her testimony was substantially consistent with what she told the detective.

A-3155-16T1

The defense presented brief testimony from two witnesses, defendant's ex-wife and his daughter with the ex-wife. The two witnesses testified that on the occasions that they visited with defendant and I.C., the two of them appeared to have an affectionate relationship and she did not appear to be afraid of him.

II

For the first time on appeal, defendant claims it was plain error for the court to let G.N. testify that I.C. told her she was afraid to tell anyone about the assault for fear that defendant "would do something to her." We cannot agree. There was no objection to that testimony and no request for a curative instruction. Instead, defense counsel chose to cross-examine the witness about the statement in some detail.

To give the issue further context, on the first day of the trial, the defense and the State stipulated that the jury could consider G.N.'s testimony as "substantive evidence" in addition to considering it for fresh complaint purposes. This was consistent with the defense strategy to demonstrate that I.C. made statements to G.N. that were inconsistent with her later descriptions of defendant's conduct. Notably, I.C. told G.N. that defendant did not take her clothes off when he molested her, but she later told the SVU detective and the jury that defendant sometimes did take her clothes off. G.N.'s statement about

5

I.C.'s asserted fear of defendant was another example of contradictory testimony. I.C. testified that she was afraid her mother would punish her for not reporting the crime sooner, but she did not mention fear of defendant. That played into the defense strategy of emphasizing contradictions in the State's evidence.

Defendant's reliance on State v. R.K., 220 N.J. 444 (2015), is misplaced. In R.K., the State had no physical evidence to support its case, defendant testified and denied the allegations, and the State was permitted to bolster its case with several fresh complaint witnesses. Id. at 448-49. One of those fresh complaint witness provided graphic details about the alleged sexual assault, as well as an allegation that defendant had threatened the victim. Id. at 459-60. In that context, the Court found reversible error. Id. at 460. This case is nothing like R.K. Given the overwhelming evidence of defendant's guilt, even if G.N.'s one-sentence testimony about I.C.'s fear of defendant should have been excluded, we would find no plain error. See R. 2:10-2; R.K., 220 N.J. at 456-57.

Defendant's arguments on this point are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

## III

We find defendant's second point equally unpersuasive. The State's first witness was Dr. Frances Pelliccia, a pediatric specialist who examined I.C. on June 11, 2014, for the purpose of recommending any physical or psychological treatment the child might need. After being asked whether she elicited information from the child that was necessary for her diagnosis, Dr. Pelliccia testified that the child told her the person who molested her was a male, and that he was an adult. The judge overruled a defense objection on the grounds that such general information was admissible. The doctor gave no further testimony about the identity of the perpetrator.

Defendant contends it was prejudicial error to permit the testimony that the child told her the perpetrator was an adult male. We find no abuse of discretion in the judge's decision to admit that brief and limited testimony about the alleged perpetrator. See State v. Nantambu, 221 N.J. 390, 402 (2015). That testimony was elicited in the course of having the doctor describe the information she obtained from the child to help make her diagnosis and recommend physical and psychological treatment. Such general information could be reasonably necessary to the diagnosis and treatment of a child sexual assault victim. See N.J.R.E 803(c)(4).

A-3155-16T1

However, even if the ruling were error, on this record, it was harmless. Viewed in context, the testimony did not imply that the child had accused defendant. There was no evidence of third-party guilt in this case, and in particular, there was no evidence that a juvenile or a woman committed the assaults. The one-line testimony about an "adult male" had no clear capacity to produce an unjust result. See R. 2:10-2; State v. McBride, 213 N.J. Super. 255, 273-74 (App. Div. 1986).

IV

Defendant next argues that the judge made unduly critical remarks to the jury in sustaining an objection to a portion of defense counsel's summation. We cannot agree.

Defense counsel began his summation with the following remarks:

> On October 13, 2016 Samsung Corporation recalled 2.5 million phones worldwide because 45 of those phones overheated and blew up. The reason Samsung Corporation did that is because they had a reasonable doubt about the safety of 2.5 million phones because 45 of those phones –

At that point, the prosecutor objected, and the judge sustained the objection. The judge instructed the jury that there was no evidence about Samsung Corporation in the case, and they should not speculate about the company's motives for recalling its cell phones or speculate that the company's

action was due to its view of "reasonable doubt." The judge told counsel to "leave instructions as to the law to the court" and asked him to continue his summation.

We find no abuse of the judge's discretion in cutting off defense counsel's inappropriate discussion of information outside the trial record. Further, we cannot conclude that the judge's remarks unfairly influenced the jury or had the capacity to produce a miscarriage of justice.

The evidence of defendant's guilt was overwhelming, and we find nothing to suggest that the judge's comments prejudiced the jury against the defense. In fact, the jury acquitted defendant of aggravated sexual assault for the acts committed in Passaic, and instead convicted him of sexual assault. They only convicted him of aggravated sexual assault for his conduct in Plainfield, where the evidence demonstrated the presence of his semen in the child's underwear.

Defendant's arguments on this point are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

V

Finally, we find no errors in the imposition of a consecutive sentence for endangering the child's welfare, or in the length of the aggregate sentence. The judge cogently explained the reasons for imposing a consecutive sentence

9

pursuant to State v. Yarbough, 100 N.J. 627 (1985). We find no basis to disturb his decision. See State v. Miller, 205 N.J. 109, 129 (2011); State v. T.E., 342 N.J. Super. 14, 36-37 (App. Div. 2001).

The judge found that defendant's lack of remorse precluded a finding of mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) (defendant was unlikely to reoffend). See State v. O'Donnell, 117 N.J. 210, 216 (1989). The court also gave some weight to defendant's lack of remorse in finding aggravating factor nine, N.J.S.A. 2C:44-1(a)(9) (need for deterrence). However, the court gave particular weight to aggravating factor two, N.J.S.A. 2C:44-1(a)(2), the gravity and seriousness of the harm inflicted on the victim, including her extreme youth. See State v. Taylor, 226 N.J. Super. 441, 453 (App. Div. 1988). The judge stated that the child was "severely impacted by the actions of the defendant," a conclusion supported by what the judge observed when he saw the victim testify. The judge also considered a victim impact letter from the child's mother. As the judge stated: "To say that defendant's repeated actions will have left this poor, young, unsophisticated girl scarred for her life would be an understatement."

Defendant exploited his parental authority and repeatedly molested his stepdaughter over a two-year period, beginning when she was six years old until she was eight years old. We cannot say that a twenty-eight year term, nineteen

of which is subject to NERA, is a conscience-shocking sentence for those crimes.  See State v. Roth, 95 N.J. 334, 363-65 (1984).  Defendant's sentencing arguments do not warrant further discussion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3155-16T1